# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAVID MERRITT, | § | |
| | § | No. 104, 2018 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. N0903001739 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: August 8, 2018
Decided: November 5,2018

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

## O R D E R

(1)    This appeal is from the Superior Court's summary dismissal of the appellant's second motion for postconviction relief under Superior Court Criminal Rule 61.[1]    The State has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the appellant's opening that the appeal is without merit.    We agree and affirm.

(2)    The appellant, David Merritt, was tried in 2010 on charges that he sexually abused a minor.    At the close of the State's case, Merritt's trial counsel moved unsuccessfully for a judgment of acquittal.    The jury convicted Merritt of

---

[1] *State v. Merritt*, 2018 WL 11690644 (Del. Super. Ct. Jan. 29, 2018).

eight counts of Rape First Degree and one count of Continuous Sexual Abuse of a Child. On direct appeal, Merritt's appellate counsel argued that he was denied the right to proceed *pro se* at trial. We concluded that the claim was without merit and affirmed Merritt's convictions.[2]

(3) Merritt's first motion for postconviction relief as amended and his related motions for the appointment of counsel and for an evidentiary hearing were referred to a Superior Court Commissioner. After considering counsel's affidavit responding to the allegations of ineffective counsel, the State's response to the motion, and Merritt's reply, the Commissioner issued a report recommending that the postconviction motion and other motions should be denied.[3] The Commissioner determined, in relevant part, that Merritt's stand-alone claims of prosecutorial misconduct and insufficient evidence were procedurally barred under Rule 61 because the issues were raised and ruled on at trial and were not pursued on direct appeal. The Commissioner determined that the ineffective counsel claims were without merit because Merritt did not establish any deficiencies in his counsel's representation or any prejudice from the alleged deficiencies. After considering Merritt's objections to the report and recommendation and conducting a *de novo*

---

[2] *Merritt v. State*, 2011 WL 285097 (Del. Jan. 27, 2011).
[3] *State v. Merritt*, 2012 WL 5944433 (Del. Super. Comm'r Nov. 20, 2012).

2

review of the record, the Superior Court adopted the report and recommendation and denied Merritt's first motion for postconviction relief.

(4) On appeal from the denial of his first motion for postconviction relief, Merritt argued that his trial counsel failed to effectively challenge the sufficiency of the State's proffered evidence of penetration, an essential element of first degree rape. We disagreed and affirmed the Superior Court's judgment.[4]

(5) Merritt's second motion for postconviction relief raised the same claims as his first postconviction motion. Merritt also filed numerous motions in conjunction with the motion, including a motion to withdraw the postconviction motion and to replace it with another version of the motion. The motion to withdraw and replace was granted by the Superior Court.

(6) Merritt's replacement postconviction motion raised two claims of ineffective assistance of counsel. Merritt claimed that he would have been granted a directed verdict or a judgment of acquittal based on insufficient evidence of penetration had his trial counsel timely objected to the prosecutor's use of an "anatomically incorrect" hand gesture simulating a penis penetrating a vagina. Second, Merritt claimed that his trial counsel's failure to interview an eyewitness— namely, the complaining witness' younger sister—deprived him of an actual innocence defense. According to Merritt, had the jury heard the trial testimony of

---

[4] *Merritt v. State*, 2013 WL 5432824 (Del. Sept. 24, 2013).

the complainant's younger sister, he would have been found not guilty because the younger sister would have testified that she was not aware of any abuse. Merritt contends that evidence of the younger sister's lack of awareness of the alleged sexual abuse was crucial to his defense because it contradicted the complaining witness' testimony that her younger sister was in the room when some of the sexual abuse occurred.

(7) By order dated January 29, 2018, the Superior Court summarily dismissed Merritt's second postconviction motion under Rule 61(d)(2).[5] On appeal from that decision, Merritt argues that the Superior Court erred when summarily dismissing the motion. His argument is without merit.

(8) Rule 61(d)(2) provides:

> A second or subsequent motion under this rule shall be summarily dismissed, unless the movant was convicted after a trial and the motion either:
>
> (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or
>
> (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.

---

[5] *Supra* note 1.

(9)     Merritt's claims do not satisfy either standard in Rule 61(d)(2). None of the constitutional violations advanced by Merritt arise from a "new rule of constitutional law."[6] Merritt simply rehashes his previously-adjudicated ineffective counsel claims and raises a new claim that he was entitled to the appointment of counsel for his first postconviction motion. Merritt also cannot demonstrate that the younger sister's lack of awareness of the alleged sexual abuse constitutes "new evidence." The evidence at trial included a videotaped interview of the younger sister and a detective's trial testimony, both of which indicated that the younger sister was unaware of the alleged abuse.[7] Finally, where the evidence at trial included the complaining witness's lengthy and detailed testimony describing the acts of sexual intercourse committed by Merritt on a weekly basis over a period of three years, Merritt cannot demonstrate that the younger sister's lack of awareness of the alleged sexual abuse creates "a strong inference" of his actual innocence.[8]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/Gary F. Traynor*
Justice

---

[6] Rule 61(d)(2)(ii).

[7] Rule 61(d)(2)(i). *Cf. Sykes v. State*, 2018 WL 4932731 (Del. Oct. 10, 2018) (finding that the defendant did not satisfy the "new evidence" requirement in Rule 61(d)(2)(i) when the defendant presented "no argument that his so-called new evidence was not actually discovered").

[8] Rule 61(d)(2)(i).